UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD VARNEY, et al., | CASE NO. C17-1902JLR |
| Plaintiffs, | ORDER TO SHOW CAUSE REGARDING THE COURT'S SUBJECT MATTER JURISDICTION |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | |
| Defendants. | |

Before the court is Plaintiffs Donald Varney and Maria Varney's complaint. (Compl. (Dkt. # 1).) The court has reviewed Plaintiffs' complaint and finds that it does not establish the court's subject matter jurisdiction over this action. (*See generally id.*) Accordingly, the court ORDERS Plaintiffs to file a submission within 14 days of the date of the order demonstrating the court's jurisdiction.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*,

ORDER - 1

Inc., 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).  The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs allege that the court's subject matter jurisdiction rests on 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  (Compl. ¶ 52.)  Federal law defines diversity jurisdiction in terms of citizenship.  *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 690 (9th Cir. 2014) (citing 28 U.S.C. § 1332(a)).  Rule 8(a) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).

Plaintiffs assert claims against four defendants who are limited liability companies, including Defendants ITT, LLC, McNally Industires, LLC, Sterling Fluid Systems (USA), LLC, and Warren Pumps, LLC.  (*See* Compl. ¶¶ 31, 34, 39, 45.)  A court assessing diversity jurisdiction in a proceeding involving a limited liability company must consider the citizenship of all members of the limited liability company.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Here, Plaintiffs'

complaint does not contain any allegations regarding the identity of these Defendants' members or the citizenship of those members.[1]  (*See generally* Compl.)

The court cannot be assured of its subject matter jurisdiction because Plaintiffs failed to allege the citizenship of the members of the four limited liability company Defendants.  Accordingly, the court ORDERS Plaintiffs to SHOW CAUSE why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.  Plaintiffs must file a response within 14 days of the date of this order.  If Plaintiffs fail to file a timely response that satisfies the court that it has subject matter jurisdiction, the court will dismiss this action without prejudice.

Dated this 16th day of January, 2018.

JAMES L. ROBART
United States District Judge

---

[1] The court notes that if the members of a limited liability company Defendant are also limited liability companies, then Plaintiffs must allege the citizenship of those entities as well by identifying the citizenship of their members.  *See Johnson*, 437 F.3d at 899 (examining corporate citizenship of a limited partnership whose partners included LLCs by looking to the citizenship of the members/owners of those LLCs).