UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD VARNEY, et al.,<br><br>   Plaintiffs,<br>   v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>   Defendants. | CASE NO. C17-1902JLR<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION |

Before the court is Plaintiffs Donald Varney and Marie Varney's (collectively, "Plaintiffs") response to the court's order to show cause regarding subject matter jurisdiction. (OSC Resp. (Dkt. # 106); *see also* OSC (Dkt. # 22).) The court issued the order to show cause because Plaintiffs' complaint does not contain allegations regarding the identity or citizenship of the members of four Defendants, which are limited liability companies. (OSC at 2-3.) Those Defendants are ITT, LLC ("ITT"), McNally Industries,

//

ORDER - 1

1 | LLC ("McNally"), Sterling Fluid Systems (USA), LLC ("Sterling"), and Warren Pumps,

2 | LLC ("Warren"). (*Id.* at 2 (citing Compl. (Dkt. # 1) ¶¶ 31, 34, 39, 45).)

3 | In its order to show cause, the court explained to Plaintiffs that a court assessing

4 | diversity jurisdiction in a proceeding involving a limited liability company must consider

5 | the citizenship of all members of the limited liability company. (*See* OSC at 2 (citing

6 | *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n

7 | LLC is a citizen of every state of which its owners/members are citizens.")).) The court

8 | also explained that if the members of a limited liability company are in turn also limited

9 | liability companies, Plaintiffs must allege the citizenship of those entities as well by

10 | identifying the citizenship of their members. (*See id.* at 3 n.1 (citing *Johnson*, 437 F.3d at

11 | 899 (examining corporate citizenship of a limited partnership whose partners included

12 | LLCs by looking to the citizenship of the members/owners of those LLCs)).)

13 | Plaintiffs allege that the court's subject matter jurisdiction rests on 28 U.S.C.

14 | § 1332. (Compl. ¶ 52.) This provision requires compete diversity of citizenship between

15 | the parties. "That is, diversity jurisdiction does not exist unless *each* defendant is a

16 | citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*,

17 | 437 U.S. 365, 373 (1978) (italics in original). Plaintiffs allege that they are citizens of

18 | Arizona. (Compl. ¶ 1.) In their response to the court's order to show cause, Plaintiffs

19 | state that they "have been able to determine that none of the LLC Defendants have

20 | members that are citizens of Arizona." (OSC Resp. at 2.) The court has examined

21 | Plaintiffs' counsel's declaration and its accompanying evidence (*see* Adams Decl. (Dkt.

22 | # 106-1)), which Plaintiffs submitted along with their response to the order to show cause

(*see* OSC Resp.), and concludes that the evidence counsel submits does not support this statement. Indeed, there is no evidence before the court from which it could determine that the limited liability company Defendants at issue are not citizens of Arizona. Thus, the court is unable to determine that each Defendant is a citizen of a different state from Plaintiffs. The court will discuss Plaintiffs' submissions concerning each such limited liability company Defendant in turn.

First, Plaintiffs' counsel submits that counsel for Warren represented that Warren's only member is IMO Industries, Inc. ("IMO") and that IMO is a Delaware corporation. (Adams Decl. ¶ 3.) This information is fine as far as it goes, but it does not go far enough. A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiffs provide no information concerning IMO's principal place of business, and so the court has insufficient information concerning the citizenship of Warren.

Second, Plaintiffs assert that Arsenal HoldCo, LLC ("Arsenal"), is the sole member of McNally. (*See* OSC Resp. at 2.) Although the documentation submitted by Plaintiffs appears to indicate that Arsenal is a member of McNally, the court cannot conclude based on the evidence before it that Arsenal is McNally's sole member. (*See* Adams Decl. ¶ 6, Ex. 2 at Cm/ECF page 17.) Furthermore, even if Arsenal is the sole member of McNally, the court still would not know the citizenship of McNally because it does not know the citizenship of Arsenal. Plaintiffs state that Arsenal is a citizen of Delaware, but the only evidence before the court is that Arsenal is a limited liability

company that was organized in Delaware. (*See id.* ¶ 7, Ex. 3.) The state of Arsenal's organization does not establish its citizenship for purposes of determining the court's subject matter jurisdiction. As the court has already apprised Plaintiffs, and as they should have so informed themselves prior to filing suit in federal court, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Further, if a member of a limited liability company defendant is in turn another limited liability company, Plaintiffs must allege the citizenship of that entity by identifying the citizenship of its members as well. (*See* OSC at 3 n.1.) Thus, if Arsenal is the sole member of McNally, then Plaintiffs also need to allege the citizenship of each of Arsenal's members in order to establish the citizenship of McNally, which Plaintiffs have not done. Thus, Plaintiffs have failed to provide any proper averment or evidence concerning the citizenship of McNally.

Third, Plaintiffs have not established the citizenship of Sterling. Again, because Sterling is a limited liability company, its citizenship is determined by the citizenship of its members or owners. *See Johnson*, 437 F.3d at 899. Although Plaintiffs provide information concerning the "principals" of Sterling, they provide no information concerning Sterling's members.[1] (*See* OSC Resp. at 2.) Further, the information

---

[1] Further, the notion that the terms "principal" and "member" of a limited liability company are "most likely synonymous"—as Plaintiffs suggest—borders on the specious. (*See* OSC Resp. at 2.) Delaware's Limited Liability Company Act ("LLC Act") "defines a member as 'a person who is admitted to a limited liability company as a member as provided in [6 Del. C.] § 18-301,'" which in turn pertains to the admission of members. *Hampton v. Turner*, No. CV 8963-VCN, 2015 WL 1947067, at *5 (Del. Ch. Apr. 29, 2015); *see also* OPERATING AGREEMENT, Black's Law Dictionary (10th ed. 2014) ("A limited-liability company's governing document that sets out the financial and managerial rights of the company's members."). A "principal" is "[s]omeone who authorizes another to act on his or her behalf as

Plaintiffs provide concerning Sterling's state of organization and principle place of business is irrelevant. (*See id.*) As noted above, this type of information applies when establishing the citizenship of a corporation for purposes of diversity jurisdiction, *see* 28 U.S.C. § 1332(c)(1), not a limited liability company, *see Derosier v. Glob. Hawk Ins. Co. (RRG)*, No. 4:16-CV-06069-KAW, 2017 WL 1133411, at *3 (N.D. Cal. Mar. 27, 2017) ("[A]n LLC is not defined by its principal place of business, and thus the location of its nerve center is not at issue for purposes for establishing diversity jurisdiction." (internal citation and quotation marks omitted)). Thus, Plaintiffs fail to establish the citizenship of Sterling.

Finally, Plaintiffs fail to establish the citizenship of ITT. As noted above, the fact that ITT is a limited liability company organized in Indiana is irrelevant. (*See* OSC Resp. at 2.) Further, as discussed above, the citizenship of ITT's principals is also irrelevant. (*See supra* n.1.) Plaintiffs provide no information concerning the citizenship of ITT's members. (*See* OSC Resp. at 2; Adams Decl. ¶¶ 2, 5, Ex. 1.) Thus, Plaintiffs have failed to provide any of the information requested by the court with respect to any of the limited liability company Defendants.

Based on the foregoing review of the information Plaintiffs provide in response to the court's order to show cause, there is no evidence to substantiate Plaintiffs' assertion that "none of the LLC Defendants have members that are citizens of Arizona." (*See* OSC

---

an agent." PRINCIPAL, Black's Law Dictionary (10th ed. 2014). Thus, although a member of a limited liability company may serve as its principal, one may also serve as a principal of a limited liability company without being its member. The terms are not synonymous.

Resp. at 2.) Thus, the court cannot determine if there is complete diversity of citizenship between the parties as required to support federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

This court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution and statute. *Id.* It cannot gloss over the existence of subject matter jurisdiction. Indeed, the Supreme Court instructs that "[i]t is to be presumed that a cause lies outside [the court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* The court provided Plaintiffs with an opportunity to demonstrate the court's subject matter jurisdiction (*see* OSC), but Plaintiffs failed to do so. If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). Accordingly, the court DISMISSES this action WITHOUT PREJUDICE for lack

//
//
//
//
//
//

1 | of subject matter jurisdiction. Plaintiffs are free, if appropriate, to refile this action in a
2 | court of general jurisdiction.

3 |       Dated this 1st day of February, 2018.

_____
JAMES L. ROBART
United States District Judge